**[J-17-2018] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.A., A MINOR | : | No. 28 MAP 2017 |
| | : | |
| | : | Appeal from the Order of the Superior |
| APPEAL OF: A.A. | : | Court at No. 1931 MDA 2015 dated |
| | : | October 18, 2016 Affirming the Order |
| | : | of the Dauphin County Court of |
| | : | Common Pleas, Juvenile Division, at |
| | : | No. CP-22-JV-0000144-2015 dated |
| | : | September 28, 2015. |
| | : | |
| | : | ARGUED:  April 10, 2018 |

**CONCURRING OPINION**

**JUSTICE BAER**                                                  **DECIDED:  October 17, 2018**

As I understand the Majority Opinion, it can be read to hold that a trial court must examine the totality of the circumstances when deciding, as a matter of law, whether a police officer subjected a defendant to one or two interactions for constitutional purposes.[1] I also take away from the Majority Opinion that there are no "magic words" that an officer can say to a suspect, such as "you are free to leave" or "goodnight," that automatically transform one interaction into two separate exchanges.  While I agree with these

---

[1] As the Majority accurately explains, there are traditionally three categories of interactions between police and private citizens:  mere encounters, investigative detentions, and arrests or custodial detentions. Majority Opinion at 10.  A mere encounter has been described as a police officer's request for information that does not need to be supported by any level of suspicion and that does not require the citizen to stop or respond. *Commonwealth v. Smith*, 836 A.2d 5, 10 (Pa. 2003).  An investigative detention is "lawful if supported by reasonable suspicion [of criminal activity] because, although it subjects a suspect to a stop and period of detention, it does not involve such coercive conditions as to constitute the functional equivalent of an arrest." *Id.*  To arrest a citizen, a police officer must have probable cause that the citizen committed a crime.  *Id.*

principles and with the Majority's ultimate conclusion that suppression was unwarranted in this case, I respectfully distance myself from the Majority's suggestion that it is of no consequence to the present analysis whether A.A. was subjected to one or two police detentions. *See* Majority Opinion at 9-10 n.9 (stating that, "under the specific circumstances of this case, the semantic distinction between a 'second' or 'continued' detention is immaterial to our analysis, which is premised upon a consideration of the totality of the circumstances").

In this regard, the Majority does not find that Sergeant Still subjected A.A. to a single, continuous legal detention but, rather, validates the situation as two legal detentions of A.A. *Id.* at 21 (providing that "it is clear based on the totality of circumstances derived from the initial stop - which included the odor of marijuana noted by Sergeant Still along with his observations of appellant's sluggish and confused appearance and Lewis's furtive movements - that he had reasonable suspicion to conduct a second detention of appellant"). In my view, concluding that there were two separate detentions of A.A. would alter the legal analysis and, at least arguably, would support A.A.'s claim that suppression was warranted because the second detention was illegal.

Instead of describing the circumstances underlying this appeal as encompassing two separate detentions, I would apply the above-stated principles of law to the facts presented and conclude that what occurred here was one, continuous legal seizure of A.A. that resulted in her voluntarily providing consent to search the vehicle. Specifically, it is undisputed that Sergeant Still had probable cause to stop A.A.'s vehicle and detain her for purposes of issuing a traffic citation. The record clearly establishes that, during that legal stop, Sergeant Still, *inter alia*, "smelled an odor of marijuana coming from the interior of the vehicle." N.T., 8/6/2015, at 7. Thus, at that point, Sergeant Still had, at the very least, reasonable suspicion to believe that A.A. was engaged in illegal conduct.

Consequently, he had the requisite suspicion to continue the seizure past its original purpose. *See Rodriguez v. United States*, 135 S.Ct. 1609, 1614-15 (2015) (explaining that an officer "may conduct certain unrelated checks during an otherwise lawful traffic stop[, but] he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual").

That Sergeant Still "broke contact" with and said goodnight to A.A. after he issued to her the traffic citation has no impact on the legality of the seizure, as the record demonstrates that the length of time the sergeant broke contact with A.A. was fleeting. *See, e.g.*, N.T., 8/6/2015, at 7 (stating that Sergeant Still "briefly broke contact with [A.A.] by bidding her good night"). In other words, viewing the totality of the circumstances, Sergeant Still subjected A.A. to one, continuous seizure that was supported by the requisite levels of suspicion throughout. Having reached these conclusions, like the Majority, I would affirm the Superior Court's judgment, which affirmed the juvenile court's dispositional order.

Justice Donohue joins this concurring opinion.